IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LONE STAR DOCUMENT MANAGEMENT, LLC,<br><br>          Plaintiff,<br><br>   v.<br><br>GETBUSY PLC & GETBUSY USA CORPORATION dba SMARTVAULT CORPORATION,<br><br>          Defendants. | C.A. No.:  4:26-cv-5324<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lone Star Document Management, LLC ("Lone Star" or "Plaintiff"), for its complaint against Defendants, GetBusy plc and GetBusy USA Corporation ("GetBusy USA") (collectively, "GetBusy" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2.      Plaintiff Lone Star is a company organized under the laws of the state of Delaware with a place of business at 6000 Shepherd Mountain Cove, Suite #814, Austin, Texas 78730.

3.      Upon information and belief, Defendant GetBusy plc is a corporation organized and existing under the laws of England, with a principal place of business located at Suite 8, The

Works20 West Street, Unity Campus, Pampisford, CambridgeCB22 3FT, United Kingdom. Defendant GetBusy USA is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located at 600 N. Sheperd Drive, Suite 305, Houston, Texas 77007 and operates under the assumed name, SmartVault Corporation.  Upon information and belief, both GetBusy plc and GetBusy USA ("GetBusy") sold, offered to sell, and/or used products and services throughout the United States, including in this judicial district, and introduced infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b).

7.    On information and belief, both GetBusy plc and GetBusy USA ("GetBusy") have committed acts of infringement in this district and both maintain an established place of business in the state of Texas including in this district, both specifically including, 600 N. Sheperd Drive, Suite 305, Houston, Texas 77007, a regular and established place of business in this district.

8.    This Court has personal jurisdiction over both GetBusy plc and GetBusy USA ("GetBusy") under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.

2

## BACKGROUND

9.      Jeffrey M. Gross and Matthew H. Parker (the "Inventors") are inventors of U.S. patent no. 6,918,082 ("the '082 patent" or "patent in suit," attached as Exhibit 1).

10.      The '082 patent resulted from the pioneering efforts of the Inventors in the 1990s, in areas related to document imaging, document management, records management and other technologies.  These efforts resulted in the development of systems for improving the performance of electronic document proofing systems.

11.      On or about December 17, 1998, the Inventors filed patent application number 09/215,593 with the USPTO.  This application duly and legally issued as United States Patent No. 6,918,082, entitled "Electronic Document Proofing System."

12.      The '082 patent relates generally to a system for proofing electronic documents delivered over a network.  In an embodiment associated with claim 16, the system includes a database of portable format electronic documents stored together with at least one proofer identifier; a computer connectable to the network for receiving a plurality of comments, each concerning a particular one of the portable format documents; and a program executing on the computer for associating and storing the received plurality of comments together with the particular portable format electronic documents.  In the system of claim 16, as recited, the computer is "for receiving a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document," and the program is "for retrieving and formatting the requested document together with the associated plurality of comments for simultaneous display to permit review."  In the system of claim 16, the program, as recited, "retrieves a record corresponding to the requested document and assembles a URL pointing toward the document from data in the record."

13. In a letter dated May 12, 2017, and delivered by FedEx on May 15, 2017, Lone Star contacted GetBusy, under its assumed name SmartVault Corporation, and offered to license the '082 patent to GetBusy. On May 23, 2017, counsel for GetBusy responded, challenging Lone Star's claim. Since at least May 15, 2017, GetBusy has had knowledge of the '082 patent.

14. Because of the significant advantages that can be achieved using, for example, the embodiment of claim 16 of the patented invention, the '082 patent has had significant commercial value for companies like GetBusy. Indeed, GetBusy implemented their products and services in network architectures having features which utilized the patented invention of at least claim 16, providing convenience and efficiency for its customers, enhancing the customer engagement and experience of its customers, and increasing the efficiency of its own operations and those of their customers and affiliates, in addition to other benefits.

15. Specific details about claim 16 of the '082 patent and patent eligibility of the claimed subject matter are provided in the Declaration of Joseph Daniel Elam, attached as Exhibit 3.

**Technological Innovations of the '082 patent**

16. The patented inventions disclosed in the '082 patent and recited in claim 16 resolve technical problems related to systems for proofing electronic documents delivered over a network. At the time of the invention, exchanging electronic files between a document creator and a person who proofreads the document often required both parties use the same version of software, and running on the same computer operating system. (Ex. 1 at 1:32-36.) Although programs using a same software version might provide limited versioning capabilities, these programs generally utilized proprietary document formats, not portable document formats. (Ex. 1 at 1:50-51.) Furthermore, these programs typically did not enable simultaneous display and/or

4

control of multiple document versions or include comment history capabilities.  (Ex. 1 at 1:52-54.)

17.    As detailed in the Expert Declaration of Joseph Daniel Elam (Ex. 3), the '082 patent recites several improvements to the performance or operation of computers in electronic document proofing systems and recites within claim 16 a collection of elements that was unconventional at the time of the invention and which solve particular computerized problems that existed with prior art document proofing systems.

18.    The '082 patent describes "software and systems that allow multiple users to collaboratively proof, annotate, and edit multiple versions of documents over a computer network."  (Ex. 1 at 1:6-8; *see also* Ex. 3 at ¶ 8.)  The systems of the '082 patent include "a system which simultaneously displays multiple versions of portable format document over a computer network," (Ex. 1 at 2:61-64), "for simultaneously displaying a history of comments from collaborative reviewers together with each version of a portable format document," (Ex. 1 at 3:2-4), and/or "is capable of providing this functionality to multiple reviewers of multiple versions of multiple documents" (Ex. 1 at 3:6-8).

19.    The '082 patent describes an embodiment of the invention as:

a system for proofing electronic documents delivered over a network. The system comprises a plurality of electronic documents in portable document file format, a computer connectable to the network for receiving the plurality of portable format documents together with at least one associated proofer identifier, a program executing on the computer for assigning a version number to each of the plurality of received portable format documents, and a database accessible by the computer for storing the documents and associated version numbers. The computer receives requests, from proofers presenting the proofer identifier, to review a portable format electronic document, and the program retrieves and formats the requested document for display.

(Ex. 1 at 3:10-23; *see also* Ex. 3 at ¶ 9.)

20.    The '082 patent recognizes problems with third-party proprietary document processing systems existing at the time of the invention, in that "[e]xchanging electronic files between document creator and the person or persons who must proof and approve the document often necessitates that both parties use the exact same software version, often running on the same computer operating system." (Ex. 1 at 1:32-36; *see also* Ex. 3 at ¶ 10.)  The '082 patent further recognizes that although these programs that used the exact same software version might provide limited versioning capabilities, they generally utilized proprietary, not portable document formats, typically did not enable simultaneous display and/or control of multiple document versions and often did not include comment history capabilities.  (Ex. 1 at 1:51-54; Ex. 3 at ¶ 10.)

21.    The '082 patent notes that "portable document formats" also existed at the time of the invention to allow document creators and document approvers (or proofreaders) to exchange computer files without regard to the original authoring software or computer platform.  (Ex. 1 at 1:55-59; Ex. 3 at ¶ 11.)  However, as explained in the '082 patent, although portable document formats alleviated some of the platform issues, release dependence issues and proprietary format issues of the third-party proprietary document processing systems, problems persisted regarding managing and tracking multiple versions of documents being distributed to and proofed by multiple parties concurrently and asynchronously, (Ex. 1 at 2:13-17; Ex. 3 at ¶ 11), and document delivery systems at that time did "not provide features for collaborative production and review of documents" (Ex. 1 at 2:47-48; *see also* Ex. 3 at ¶ 11).

22.    The '082 patent further summarizes then-existing problems in the operation of systems for proofing electronic documents operating over computer networks:

> [t]he disclosed prior art systems and methodologies provide methods for
> the delivery of portable format documents over computer networks, but fail to

provide a way to automatically display or track multiple versions of the electronic documents, to review and add to a history of comments about the particular version of the document displayed, to alter the current/preferred version of the document, or to simultaneously-display a particular document version and its current history.  Nor do the disclosed prior art systems enable these capabilities for simultaneously managing multiple different projects and documents.

(Ex. 1 at 2:49-59; *see also* Ex. 3 at ¶ 12.)

23.    The system of claim 16 in the '082 patent overcomes the prior art problems of failing to provide a way to: (a) display or track multiple versions of the electronic documents, (b) review and add to a history of comments about a particular version of the document displayed, and/or (c) simultaneously display a particular document version and its current history.  The system of claim 16 solves these problems by storing a database of portable format electronic documents with a proofer identifier; receiving a plurality of comments, each concerning a particular one of the portable format documents; associating and storing the received plurality of comments together with the particular portable format electronic documents; receiving a request from a proofer presenting the proofer identifier, to review a particular portable format electronic document; retrieving a record corresponding to the requested document and assembling a URL pointing toward the document from data in the record; and retrieving and formatting the requested document together with the associated plurality of comments for simultaneous display to permit review.  (Ex. 3 at ¶ 13.)

### The Invention of Claim 16 of the '082 Patent Results in Improved Performance and Operation of Computers In Electronic Document Proofing Systems

24.    The invention recited in claim 16 of the '082 patent improves the performance and operation of computers in electronic document proofing systems, by increasing the efficient utilization of the computers in the system and lowering the resources and time required to complete a cycle of proofing electronic documents delivered over a network.  (Ex. 3 at ¶ 14.) As emphasized in the '082 patent:

> [t]he primary purpose of the invention is to facilitate electronic document distribution, proofing and communication between a document creator and a person or people responsible for approving the document or those who require final receipt of finished documents.

(Ex. 1 at 6:60-64; Ex. 3 at ⁋ 14.)

25.    Claim 16, when considered as a whole, includes several elements that together improve the performance or operation of computers in systems for proofing electronic documents delivered over a network. (Ex. 3 at ⁋ 15.) These elements include: (a) a database of portable format electronic documents stored together with at least one proofer identifier, (b) a computer connectable to the network for receiving a plurality of comments, each concerning a particular one of the portable format documents, and (c) a program executing on the computer for associating and storing the received plurality of comments together with the particular portable format electronic documents. (Ex. 3 at ⁋ 15.) The recited computer is configured to receive a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document. (Ex. 3 at ⁋ 15.) The recited program is configured to retrieve a record corresponding to a requested document and assemble a URL pointing toward the document from data in the record and to retrieve and format the requested document together with the associated plurality of comments for simultaneous display to permit review. (Ex. 3 at ⁋ 15.) Together these elements provide specific technical solutions to challenges when proofing electronic documents delivered over a network. (Ex. 3 at ⁋ 15.)

26.    The elements in claim 16 are rooted in real-world electronic document proofing technologies. (Ex. 3 at ⁋ 16.) They require specialized hardware and software implementations, such as algorithms for: (a) associating and storing the received plurality of comments together with the particular portable format electronic documents; (b) receiving a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document; and

8

(c) retrieving and formatting the requested document together with the associated plurality of comments for simultaneous display to permit review. (Ex. 3 at ¶ 16.) The combination of these features improves the performance and operation of computers for electronic document proofing, offering a solution to provide more efficient document distribution, proofing and communication between one or more document creators and reviewers, including those responsible for approving the document. (Ex. 3 at ¶ 16.)

27.    Claim 16 of the '082 patent is patent eligible under 35 U.S.C. § 101, and is not directed to an abstract idea, at least because the invention of claim 16 results in the improved performance or operation of computers in electronic document proofing systems.

**Claim 16 of the '082 Patent Recites a Collection of Elements That Was Unconventional at the Time of the Invention**

28.    The collection of elements in claim 16 of the '082 patent, include: (a) a database of portable format electronic documents stored together with at least one proofer identifier, (b) a computer connectable to the network for receiving a plurality of comments, each concerning a particular one of the portable format documents, and (c) a program executing on the computer for associating and storing the received plurality of comments together with the particular portable format electronic documents in which the recited computer is configured to receive a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document and the recited program is configured to retrieve a record corresponding to a requested document, assemble a URL pointing toward the document from data in the record, and to retrieve and format the requested document together with the associated plurality of comments for simultaneous display to permit review. (Ex. 3 at ¶ 17.) This collection, presented together in claim 16, was unconventional at the time, as their collective features were neither routine nor conventional in software and systems for proofing electronic documents in 1998. (Ex. 3 at ¶ 17.)

9

29.     The '082 patent expressly recognizes the unconventional nature of the collection of elements in claim 16, including a feature for formulating a URL for displaying a document:

> Computer 60 utilizes a unique methodology for storing files on database 64 which enables system 50 to keep track of numerous versions of numerous documents in numerous projects for numerous clients. A hierarchy of directories is used on database 64 and/or application server 78 to store the actual documents. The directory hierarchy is generated from information about a particular document and is also used to formulate the URL for display of the document versions to proofers through a web browser. The storage methodology relies on the dynamic interaction between 3 types of entities: a relational database, a directory tree file storage system, and URL strings.

(Ex. 1 at 5:10-22; *see also* Ex. 3 at ¶ 18.)

30.     The collection of elements in claim 16 represents an advance that was unconventional at the time of the invention and solved problems present in the prior art.  (Ex. 3, at ¶ 19.)  In its "Background of the Invention" section, the '082 patent recognizes:

> The disclosed prior art systems and methodologies provide methods for the delivery of portable format documents over computer networks but fail to provide a way . . . to review and add to a history of comments about the particular version of the document displayed, . . . or to simultaneously-display a particular document version and its current history.  Nor do the disclosed prior art systems enable these capabilities for simultaneously managing multiple different projects and documents.

(Ex. 1 at 2:49-59; Ex. 3 at ¶ 19.)

31.     Claim 16 of the '082 patent is patent eligible under 35 U.S.C. § 101, and contains an inventive concept, at least because the invention as recited in claim 16 includes a collection of elements that was unconventional at the time of the invention.

**Claim 16 of the '082 Patent Does Not Preempt the Field of Software or Systems For Proofing Electronic Documents Delivered Over a Network**

32.     Claim 16 of the '082 patent does not preempt the field of software or systems for proofing electronic documents delivered over a network.  (Ex. 3 at ¶ 20.)  For example, claim 16 does not preempt all uses of a database of portable format electronic documents stored together

10

with at least one proofer identifier. (Ex. 3 at ¶ 20.) Claim 16 does not preempt a computer connectable to a network for receiving a plurality of comments, each concerning a particular one of portable format documents. (Ex. 3 at ¶ 20.) Claim 16 does not preempt a program executing on a computer for associating and storing a received plurality of comments together with a particular portable format electronic document. (Ex. 3 at ¶ 20.) None of these concepts, functioning alone, is preempted. (Ex. 3 at ¶ 20.) On the contrary, claim 16 requires all of the elements in combination. (Ex. 3 at ¶ 20.) Furthermore, the collection of elements in claim 16 provide a specific combination of features. (Ex. 3 at ¶ 20.) The computer recited in claim 16 is configured to receive a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document. (Ex. 3 at ¶ 20.) The program recited in claim 16 is configured to retrieve a record corresponding to a requested document and assemble a URL pointing toward the document from data in the record and to retrieve and format the requested document together with the associated plurality of comments for simultaneous display to permit review. (Ex. 3 at ¶ 20.) None of these concepts, functioning alone, is preempted. (Ex. 3 at ¶ 20.)

33.     Claim 16 of the '082 patent is patent eligible under 35 U.S.C. § 101, and is not directed to an abstract idea, at least because the invention as recited in claim 16 does not preempt the field of software or systems for proofing electronic documents delivered over a network.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,918,082

34.     The allegations set forth in the foregoing paragraphs are incorporated into this First Claim for Relief.

11

35.    On July 12, 2005, the '082 patent was duly and legally issued by the United States Patent and Trademark Office under the title "ELECTRONIC DOCUMENT PROOFING SYSTEM."

36.    Lone Star is the assignee and owner of the right, title and interest in and to the '082 patent, including the right to assert all causes of action arising under the patent and the right to any past and future remedies for infringement of it.

37.    GetBusy directly infringed claim 16 of the '082 patent during the pendency of the '082 patent by selling, offering to sell, making, using, and causing to be used GetBusy systems, including one or more hardware and software products for content management and related services, which by way of example include but are not limited to the GetBusy products and services identified in Exhibit 2 hereto (the "Accused Instrumentalities") and shown in Exhibit 4 hereto.

38.    Exemplary infringement analysis showing infringement of claim 16 of the '082 patent is set forth in Exhibit 2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by GetBusy with respect to the '082 patent. Lone Star reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '082 patent.

39.    Lone Star has been harmed by GetBusy's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lone Star demands a trial by jury on all issues triable as such.

12

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Lone Star demands judgment for itself and against GetBusy as follows:

A. An adjudication that GetBusy has infringed the patent in suit;

B. An award of damages to be paid by GetBusy adequate to compensate Lone Star for GetBusy's infringement of the patent in suit, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Lone Star's reasonable attorneys' fees; and

D. An award to Lone Star of such further relief at law or in equity as the Court deems just and proper.


Dated: July 6, 2026     Respectfully submitted,


         DEVLIN LAW FIRM LLC


         */s/ Robert Kiddie*
         Timothy Devlin (*Pro Hac Vice* to be filed)
         tdevlin@devlinlawfirm.com
         Robert Kiddie (Texas Bar No. 24060092)
         rkiddie@devlinlawfirm.com
         Patrick R. Delaney (*Pro Hac Vice* to be filed)
         pdelaney@devlinlawfirm.com
         1526 Gilpin Ave.
         Wilmington, Delaware 19806
         Telephone: (302) 449-9010
         Facsimile: (302) 353-4251

         *Attorneys for Plaintiff,*
         Lone Star Document Management, LLC